## MOSES v ZOOK, Exrx, Etc, et

Ohio Appeals, 9th Dist, Wayne Co

No 934. Decided Dec 21, 1934

Starn & Etling, Wooster, for plaintiff.
Weiser & Weimer, Wooster, for defendants.

## OPINION

By FUNK, J.

It is to this holding that plaintiff objected and excepted in the court below. It is the contention of counsel for plaintiff that the executrix should settle the estate as speedily as can be done, consistent with law and good business, and that the Probate Court should then appoint a trustee other than Mrs. Zook: preferably the Wayne County National Bank, because it is named as executor and trustee in the event of the death of Edith M. Zook "before she has fully carried out the provisions of my will."

As neither Edith M. Zook nor any of the other defendants took any exception to the construction the Common Pleas Court placed upon any of the items of said will, and as plaintiff took no exception to the holding of the court below concerning item 12 and the time of distribution and payment of the bequests made in items 2, 3, 4, 7, 8 and 9 of said will, and from what counsel on both sides said in oral argument concerning said items, we assume that all parties are satisfied therewith; and as our examination of the provisions of said will finds us in accord with that holding, the same order will be made in this court concerning said items.

As to the holding of the court below concerning the "rest and residue" under the provisions of item 5 of the will and covered by the finding designated "Fourth" in the decree of the trial court, counsel for defendants contend that the Probate Court, by virtue of the provisions of §10509-185 GC, has complete jurisdiction as to how said "rest and residue" shall be held.

Counsel for plaintiff claim that said §10509-185, GC, has no application in the instant case because item 5 of the will gives Mrs. Zook the "net income" from said residue, consisting of the real and personal property of every kind and description, and provides that the proceeds of the sale or sales of any real estate, together with all moneys, bonds, and all personal property of every kind and description, "shall be placed in a trust fund for the benefit of my said sister, Edith M. Zook, and the net income shall be paid to her quarterly," etc., and that accordingly Mrs. Zook gets a "net income from a trust fund," which is not a life estate in said real or personal property.

Said counsel further claims that said §10509-185, GC, does not cover a trust fund and "that it was not the purpose and meaning of this section (§10509-185 GC) to have its provisions apply where a trust fund is created and the net income therefrom paid to the beneficiary, although it uses the words that 'when by a last will and testament the use or income of personal property is given,' because further on in the section it speaks of delivery of such personal property to the person having the limited estate, and at several different places this phrase is used of the person having the limited estate."

Said counsel accordingly claim that said §10509-185 GC cannot apply in this case "because there is no estate limited to Mrs. Zook"; the contention being that if she were given the "use" of the property it would be a limited estate, but that when she is given the "net income" it is not a limited estate and is only the income from a trust fund, which cannot be a limited estate.

We cannot agree with these contentions.

The legislature having included both the "use" and "income" of personal property for a term of years or for life within the provisions of said §10509-185 GC, and referred to both of them as "the limited estate," we find no merit in the claim of counsel that if Mrs. Zook had been given the "use" of said residue it would have been a limited estate, but that when she is given the "net income" it is not a limited estate.

Concerning the contention that said §10509-185 GC has no application in the instant case, it will be observed that said section gives the Probate Court authority to determine by whom such property may be held and whether or not bond shall be given, "unless such last will and testament

otherwise provides." While said item 5 provides that said residue "shall be placed in a trust fund for the benefit of * * * Edith M. Zook," it does not designate who shall hold said trust fund or prohibit Mrs. Zook from holding it as executrix or trustee, and we see no objection to her holding it under the direction of the Probate Court in such manner as it may determine, especially since the will gives Mrs. Zook absolute control of the settlement of decedent's estate and the disposal of the real estate during her lifetime, with authority to execute a deed, and further requests that she may be permitted to act as such executrix and do all those things without giving bond; and there is no claim that she is not a thoroughly honest, competent and responsible person to handle said residue.

It will be further noted that the only provision for the sale of the real estate is by said executrix, and that it is to be sold only when in her judgment it would be for the best interests of decedent's estate, and it is further provided that the Wayne County National Bank is to act "as executor and also as trustee of the trust fund provided for in my said will" only in the event of the death of Mrs. Zook "before she has fully carried out the provisions of my will." The natural inference from these provisions would seem to be that she is to act not only as executrix of the will but also as trustee of said residue, so long as she lives; and there is nothing in the will to indicate that Mrs. Zook cannot act as such trustee if and when it should be deemed necessary to appoint a trustee to handle such residue, as well as executrix of the will, since the real estate is to be sold during her lifetime only when she thinks it for the best interests of decedent's estate.

Moreover, the provision in item 10 that, after the death of Edith M. Zook said residue shall be held and controlled by a "trust company" for a certain period of time and then distributed by it, would seem to indicate that testatrix intended that Mrs. Zook should hold said funds as executrix or trustee so long as she lived, as there would be no necessity of appointing a "trust company" after her death if it was intended that some one other than Mrs. Zook should be trustee during her lifetime, and if testatrix had intended that a "trust company" should hold and control said residue during the life of Mrs. Zook, she would no doubt have said so, as she did in item 10 for its control after the death of Mrs.

Zook, and in item 3 for the control of the specific bequest given to plaintiff.

We therefore think that a fair construction of the provisions of said will does not "otherwise provide," and accordingly brings the control of said residue referred to in item 5 within the provisions of said §10509-185 GC; and we also think that the Probate Court has authority to determine whether Mrs. Zook shall hold said residue as executor or as a trustee, with or without bond, or whether some other person shall hold it as trustee.

As the finding and holding of the Common Pleas Court makes no mention of item 6 of said will, and no objection or exception is taken thereto, we assume, from the briefs and arguments of counsel, that it is to be paid by the trust company appointed by the Probate Court to distribute said residue after the death of Edith M. Zook, and an order to that effect may be included in the decree.

A decree may be drawn in conformity to this opinion.

WASHBURN, PJ, and STEVENS, J, concur in judgment.